ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COM-
PANY *v.* STATE.

## Opinion delivered June 9, 1913.

1. INDICTMENT—STYLE OF COURT.—The caption of an indictment contained the style of the case, but omitted the name and style of the court in which the indictment was returned; the preliminary clause of the indictment was as follows: "The grand jury of Cross County, in the name and by the authority of the State of Arkansas, accuses, etc." *Held*, as there is but one court in the county by which a grand jury is empanelled, and that is the circuit court, a specification that the presentation is by "the grand jury of Cross County" is by necessary implication a statement that it is in the circuit court of that county as required by Kirby's Digest, § 2243.   (Page 424.)

2. RAILROADS—FAILURE TO MAINTAIN AGENT—EVIDENCE.—Where a railroad company is indicted under act of April 13, 1905, Acts of 1905, No. 161, page 405, for failure to keep an agent at a certain station, evidence that the agent, who was a merchant and conducted a store a short distance from the depot, did not keep the station open or attend there for the purpose of accommodating shippers and travellers, is sufficient to warrant a conviction under the indictment.   (Page 425.)

Appeal from Cross Circuit Court; *W. J. Driver,* Judge; affirmed.

*E. B. Kinsworthy, R. E. Wiley* and *T. D. Crawford,* for appellant.

1.   The indictment is defective in that it fails to describe the court in which it is found.   Kirby's Digest, § 2243; 73 Ark. 280; 5 N. C. (Murph.) 281; 22 Cyc. 230; 5 How. (Miss.) 20; 7 Tex. App. 52; 44 Tex. 376; 9 Phila. 593; 2 McCord 181; 60 Ala. 93.

2.   The verdict is not sustained by the evidence under the act, April 13, 1905.   The testimony shows a substantial compliance with the act.   The general rule is, that *reasonable* care is the measure of a railroad's duty in the maintenance of stational facilities.   4 Elliott, Railroads, § 1590.

*Wm. L. Moose,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

1.   The indictment does show the court it was re-

turned in substantially as required by Kirby's Dig., § 2243.

2. The undisputed testimony shows that the statute was violated. Act July 1, 1905.

McCulloch, C. J. Appellant was indicted by the grand jury of Cross County for violation of a special statute approved April 13, 1905, requiring appellant to erect and maintain a depot at Levesque, a station on its line in Cross County, Arkansas, and to "keep an agent at its depot at Levesque  *  *  *  to sell tickets, receive freight, and issue bills of lading therefor, and to deliver freight." The statute provides that each violation of its terms shall constitute a misdemeanor, punishable by fine of not less than $50.00, nor more than $100.00, and that each day of such failure or refusal to keep an agent at said depot shall constitute a separate offense.

There was a trial before a jury, which resulted in appellant's conviction of violating the statute, and judgment was rendered for recovery of the fine assessed by the jury.

There are two questions raised on this appeal, one as to the sufficiency of the indictment, the other as to the legal sufficiency of the evidence.

The validity of the indictment is attacked on the ground that it does not contain a specification of the name of the court in which the indictment was returned.

The statute provides that an indictment must contain "the title of the prosecution, specifying the name of the court in which the indictment is presented, and the name of the parties." Kirby's Digest, section 2243.

The caption of the indictment contains the style of the case, "*State of Arkansas* v. *St. Louis, Iron Mountain & Southern Railway Company*," but the name or style of the court is not mentioned in the caption. The preliminary clause of the indictment reads as follows: "The grand jury of Cross County, in the name and by the authority of the State of Arkansas, accuse the St. Louis, Iron Mountain & Southern Railway Company, a corporation, of the crime of failing to keep agent at depot at Levesque, committed as follows, towit:"

We are of the opinion that that is sufficient, by necessary implication, as a specification of the name of the court. There can be but one court in the county by which a grand jury is empanelled, and that is the circuit court; and a specification that the presentation is by "the grand jury of Cross County," is by necessary implication a statement that it is in the circuit court of that county. If the name of the court is, either in express words, or by necessary implication, specified, either in the caption or in the body of the indictment, we think it is sufficient to comply with the requirements of the statute.

The attack on the validity of the indictment is not well founded.

We are also of the opinion that the evidence is legally sufficient to sustain the conviction.

One of the witnesses testified that the agent, who was a merchant and conducted a store a short distance from the depot, did not keep the depot open or attend there for purpose of accommodating shippers and travelers as required by the statute. This witness was contradicted by several others introduced by appellant, but there was enough evidence, we think, to justify the jury in finding that the terms of the statute had not been complied with.

Judgment affirmed.